FARMER, J.,
dissenting.
The noncompetition agreement in suit was made sometime in February 1997 in connection with the sale of a piece of equipment to a company with which the Lawsons were associated, so it could do subcontracting work for Tri-County. The agreement does not specify that it is necessary to protect trade secrets, or the like. Instead it expressly states that it is necessary to “protect and assure Tri-County’s principals of his [Neal Lawson’s] commitment and the security of their investment.”
Tri-County expressly sought the injunction under the repealed statute.[1] Its motion states that it is entitled to relief “pursuant to Section 542.83, Fla.Stat. (1997).... ” It did not seek the injunction under the new statute now in effect.[2] To reverse for consideration of an injunction under the new statute is an act of lawyer-ing on behalf of Tri-County by this court to cure the failure of its trial lawyer to argue the correct law to the court.
In any case, no matter which statute was relied on by Tri-County, the trial judge would have properly denied the motion. Under the old statute, Tri-County is clearly not entitled to an injunction on any theory because the contract of sale of equipment is not one of the qualifying factors for this exemption from the antitrust laws. The relationship giving rise to the noncompetition provision was a sale of equipment, not a sale of the shares of corporation or the goodwill of a business.
Under the new statute, one seeking its protection must plead and prove the justification for the exemption. See § 542.335(l)(c), Fla. Stat. (1999). In its renewed motion for the injunction, TriCounty merely says that the noncompetition agreement and its enforcement “are reasonably necessary to protect [its] legitimate business interests.” There is a presumption that any period of noncompetition under an agreement not justified by protecting trade secrets and for a duration longer than 2 years is unreasonable. See § 542.335(l)(d)l, Fla. Stat. (1999). We are now well past two years, so an injunction is presumptively improper.
I therefore dissent from the decision to reverse.

. § 542.33 Fla. Stat. (1999).

. § 542.335, Fla. Stat. (1999).